THE HONORABLE JOHN C. COUGHENOUR

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JUNPENG YANG, | CASE NO. C18-0809-JCC |
| Plaintiff, | ORDER |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, *et al.*, | |
| Defendants. | |

This matter comes before the Court on Defendants' motion to remand (Dkt. No. 10). Having thoroughly considered the parties' briefing and the relevant record, the Court hereby GRANTS the motion for the reasons explained herein.

## I. BACKGROUND

Plaintiff Junpeng Yang is a citizen of the People's Republic of China, and he resides in the Western District of Washington. (Dkt. No. 1 at 2.) Plaintiff seeks naturalization as a citizen of the United States. (*Id.* at 4.) Plaintiff applied for citizenship in December 2015, based on his honorable service in the United States Army. (*Id.* at 4–5.) Plaintiff's application was received by Defendants Department of Homeland Security ("DHS") and United States Citizenship and Immigration Services ("USCIS") on or before January 8, 2016. (*Id.* at 5.) Defendants scheduled Plaintiff for a naturalization examination on January 13, 2016. (*Id.*) Two additional

naturalization interviews were held on November 20, 2017 and March 12, 2018. (*Id.* at 11.) After Defendants refused to process Plaintiff's naturalization application within the deadline required by statute, Plaintiff sought review from this Court. (*Id.* at 13–14.) Subsequent to filing a complaint seeking adjudication of his naturalization application, Plaintiff amended his complaint to add other claims, including a breach of contract claim. (*See* Dkt. No. 9.) Shortly thereafter, Defendants moved to remand the case to USCIS for it to adjudicate Plaintiff's naturalization application. (Dkt. No. 10.)

## II. DISCUSSION

If USCIS has not made a determination on a naturalization application within 120 days from the date that USCIS interviewed the applicant, the applicant may apply to the district court for hearing on the matter. 8 U.S.C. § 1447(b). The Court is granted the authority to either determine the naturalization application or remand the matter to USCIS with instructions to adjudicate. *Id.* Oftentimes, when USCIS fails to meet its 120-day deadline, courts nevertheless remand naturalization applications to USCIS for it to promptly adjudicate the matter. *See, e.g., Maniulit v. Majorkas*, 2012 WL 5471142, slip op. at 3 (N.D. Cal. 2012).

USCIS exceeded its 120-day deadline to determine Plaintiff's naturalization application, and Plaintiff sought this Court's review of his application. (*See* Dkt. No. 1.) Ordinarily, courts remand naturalization applications for USCIS to adjudicate. However, Plaintiff has asserted other causes of action that the Court cannot remand because USCIS can only adjudicate Plaintiff's naturalization application. Because Defendants have nevertheless represented that they will adjudicate Plaintiff's naturalization within 14 days of remand (Dkt. No. 10 at 1), the Court finds remand, and a corresponding stay of Plaintiff's other claims, to be in the interest of judicial economy.

## III. CONCLUSION

For the foregoing reasons, Defendants' motion to remand (Dkt. No. 10) is GRANTED. Defendants are ORDERED to adjudicate Plaintiff's naturalization application within 14 days of

remand. Within 30 days of the date this order is issued, Defendants are ORDERED to apprise the Court of the status of Plaintiff's naturalization application.

The case is STAYED pending resolution of Plaintiff's naturalization application. Once the determination of Plaintiff's naturalization application is finalized, the parties are ORDERED to move the Court to lift the stay in this case. The Clerk is DIRECTED to statistically close this case.

DATED this 18th day of June 2019.

John C. Coughenour
UNITED STATES DISTRICT JUDGE